IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC VANDERWERFF, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:24-CV-2316-X-BK |
| | § | |
| NEWREZ LLC, ET AL, | § | |
| DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition when appropriate. For the reasons stated here, this action should be **DISMISSED** for failure to comply with court orders and for want of prosecution.

### I. PROCEDURAL HISTORY

On August 24, 2025, this *pro se* civil action was filed in Dallas County Court at Law Number One, seeking a restraining order and other relief in an apparent attempt to stave off an impending foreclosure sale of real property located in Irving, Texas. Doc. 1-1 at 6-46. On September 12, 2024, Defendants removed the case to this Court, invoking subject matter jurisdiction based on the parties' diverse citizenship. Doc. 1, *passim*.

### II. FACTUAL BACKGROUND

On August 12, 2024, Plaintiff was first advised by the District Clerk's *Instructions to a Non-Prisoner Pro Se* of the requirement that he register as a user the Court's electronic filing and notice system (CM/ECF). Doc. 4 at 1. And on September 15, 2024, Plaintiff was "ORDERED to register for electronic filing through this Court's CM/ECF system, as required by Northern

District of Texas Local Civil Rule 5.1(f), by October 8, 2024." Doc. 6. The Court's Order also cautioned Plaintiff that failure to comply might result in the dismissal of this case for want of prosecution under Federal Rule of Civil Procedure 41(b). Nonetheless, Plaintiff failed to register for CM/ECF notice as directed.

On October 30, 2025, because a motion filed by Defendants was pending to which Plaintiff had not responded, the undersigned scheduled a hearing to be held via video teleconference on November 6, 2025, at 10:30 AM. Doc. 11. Since Plaintiff had not registered as a CM/ECF user or provided an email address, the courtroom deputy clerk left a voicemail message informing Plaintiff of the scheduled hearing and advising him to contact the courtroom deputy clerk. Plaintiff failed to contact the courtroom deputy clerk as instructed, and on the day of the hearing, he failed to appear for the video hearing at the appointed time. After a delay of several minutes, the hearing commenced without Plaintiff. The undersigned was subsequently informed of Plaintiff's presence in the District Clerk's office, and the hearing was recessed so that Court personnel could assist Plaintiff in joining the hearing.[1] After some delay, the hearing resumed.

During the November 6, 2025 hearing, the Court verbally admonished Plaintiff of his obligation to register as a CM/ECF user and ordered him to do so by close of business on that same day. When Plaintiff once again failed to comply, the Court extended the deadline to November 17, 2025, *sua sponte*. Doc. 13. And as before, the Order further cautioned Plaintiff that failure to comply might result in the dismissal of this case for want of prosecution under

---

[1] It is clear from Plaintiff's appearance in the Clerk's Office on the day of the hearing that he either received the telephone message advising him of the hearing or learned of it by accessing the online docket sheet (Plaintiff advised that he does have a PACER account despite not having registered for CM/ECF notice).

Federal Rule of Civil Procedure 41(b).  As before, Plaintiff failed to comply or to seek an extension of the time to do so.

### III. ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Generally, such dismissal is without prejudice.  However, when, as here, a litigant may be barred by the statute of limitations from re-asserting his claims, a Rule 41(b) dismissal is tantamount to a dismissal with prejudice and the court is required to apply a higher standard of review.  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).  Under such circumstances, a court may dismiss for want of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff, and lesser sanctions would not prompt diligent prosecution or the record shows that the district court employed lesser sanctions that proved to be futile.  *Id.*  In applying this higher standard, the court must find "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'"  *Id.*; *see also Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (same).

All requisites are met here.  This case has been pending for nearly 14 months and despite the issuance of one notice, one verbal order, and two written orders, Plaintiff has failed to comply with the Court's directive to register for electronic filing or demonstrate cause why he

3

should be excused from the registration requirement.  As mentioned previously, Plaintiff's disregard of the Court's orders has not been without consequence, including the delay of a scheduled hearing.  Because Plaintiff is representing himself, the delay caused by his failure to comply with the Court's Orders is attributable to him alone.  *See Berry*, 975 F.2d at 1191.  Considering the foregoing conduct, no lesser sanction will prompt diligent prosecution of this case.

Under these circumstances, the Court should exercise its discretion to dismiss under Rule 41(b), even if limitations may prevent further litigation of Plaintiff's claims.  *See Nottingham*, 837 F.3d at 441 (finding no abuse of discretion where district court applied higher standard of review and dismissed *pro se* action due to intentional noncompliance with court orders).

### IV. CONCLUSION

For the foregoing reasons, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with court orders and for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**SO RECOMMENDED** on December 3, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).